UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-11-CV-173-XR |
| | § | |
| ANA R. HESSBROOK, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Default Judgment filed May 13, 2011 (Docket No. 4). After consideration of the motion, record, and applicable law, the Court **GRANTS** Plaintiff's motion for default judgment.

**Procedural History**

Plaintiff filed this lawsuit on March 2, 2011.[1] Defendant was served with the complaint on March 14, 2011.[2] Defendant's answer deadline passed on April 12, 2011, and Plaintiff filed a motion for entry of default and for default judgment on May 13, 2011.[3] The Clerk entered default of the Defendant the same day.[4]

---

[1] Pl's Compl., Mar. 2, 2011 (Docket Entry No. 1).

[2] Executed Summons, Mar. 22, 2011 (Docket Entry No. 3).

[3] Pl's Mot. For Entry of Default and for Default Judgment, May 13, 2011 (Docket Entry No. 4).

[4] Clerk's Entry of Default, May 13, 2011 (Docket Entry No. 5.)

1

## Legal Standard

Plaintiff seeks a default judgment against Hessbrook for $151,615.63 in outstanding student loan debt. The Court must accept pleaded facts as true, but retains the obligation to determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (upholding district court's entry of default judgment because, even if true, the Plaintiff's allegations would not support imposing liability against the Defendants); *see also Marshall v. Baggett*, 2010WL3220356 at *2 (8th Cir. 2010). Thus, even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A court may conduct a hearing to effectuate judgment, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## Analysis

In its complaint, Plaintiff alleges that on or about April 21, 2004, Hessbrook received, executed, and delivered a promissory note to secure a Direct Consolidation Loan from the U.S. Department of Education, under 20 U.S.C. § 1087a et.seq. And 34 C.F.R. Part 682 and 685.[5] The loan was disbursed for $118,684.34 at 4.25 percent interest per year.[6] Hessbrook subsequently defaulted on the note on January 2, 2010.[7] A total of $11,868.43 in unpaid interest was capitalized and added to the principal balance according to 34 C.F.R. § 685.202(b).[8] The Department of Education credited $2,092.34 in payments from all sources, and added accrued interest on the principal at the rate of $15.19 per day, for a total debt of $151,615.63 on December 10, 2010.[9]

Taking all factual allegations in the complaint as true, Plaintiff does state a claim upon which relief can be granted, and default judgment is appropriate. Furthermore, there is no evidence that any material facts are at issue, that the default was caused by good faith mistake or neglect, or that a default judgment would result in substantial prejudice. *Lindsey v. Prive Corp.*, 161 F.3d at 893. No hearing is necessary to determine the amount of damages. *See* FED. R. CIV. P. 55(b).

## Conclusion

Having considered Plaintiff's motion and the entire record, the Court hereby GRANTS

---

[5] Pl.'s Compl. at 1; Certificate of Indebtedness, Dec. 17, 2010 (Ex. 1 to Pl.'s Compl., at 1); Promissory Note, Apr. 21, 2004 (Ex. 1 to Pl.'s Compl., at 2).

[6] Certificate of Indebtedness.

[7] Pl.'s Compl. at 1; Certificate of Indebtedness.

[8] Certificate of Indebtedness.

[9] *Id.*

Plaintiff's motion for default judgment. It is therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff United States of America have and recover from Defendant Ana Hessbrook an amount of ONE HUNDRED FIFTY-ONE THOUSAND SIX HUNDRED FIFTEEN DOLLARS AND 63 CENTS. ($151,615.63), plus additional interest accrued since December 11, 2010 at the rate of $15.19 per day, plus post judgment interest accrued from this date until the judgment is paid in full. The Clerk of the Court shall calculate the total amount owed including judgment accrued since December 11, 2010 and issue a judgment for that total.

It is so ORDERED.

SIGNED this 26th day of July, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE